JUDE G. GRAVOIS, Judge.
12Plaintiff, Keith Johnson, appeals a trial court judgment rendered after a bench trial in favor of defendant, Regina Tregre, finding that plaintiff failed to prove that defendant was at fault in causing a vehicular accident in which they were involved. On appeal, plaintiff argues two assignments of error.. First, he argues that the trial court erred in finding defendant’s version of the accident more credible than his version. Second, he argues that the trial court erred in finding that the accident occurred in the left lane of travel, rather than in the right lane. For the following reasons, we affirm.

FACTS

The record shows that on Friday, April ,6, 2007, plaintiff, Mr. Johnson, and defendant, Ms. Tregre, were involved in a vehicular accident on Causeway Boulevard southbound in Metairie, Louisiana, on the overpass that crosses Veterans Memorial Boulevard. Both parties testified that the accident occurred in the evening after dark, during a period of heavy, congested traffic. Mr. Johnson | ¡¡testified that the *1103 heavy traffic caused him to come to a complete stop, whereupon he was rear-ended by Ms. Tregre’s vehicle, damaging the driver’s side rear bumper of his vehicle and causing him neck and back injuries for which he received treatment for approximately six months. He testified that both vehicles were traveling in the right lane on the overpass when the accident occurred, and that following the accident, neither vehicle was moved until a deputy arrived on the scene to investigate the accident.
Ms. Tregre testified, on the other hand, that she was traveling in the left lane on the overpass and Mr. Johnson was ahead of her in the right lane. She stated that traffic was heavy, but was flowing, not stopping. She did not see Mr. Johnson until he came into her lane, resulting in his driver’s side rear bumper striking the front passenger corner of her vehicle. She testified that this impact pushed her into the left guardrail, which she struck with the driver’s side of her vehicle. Instinctively and because she was afraid of going over the guardrail, she immediately turned hard right and ended up in the right lane directly behind Mr. Johnson’s vehicle, where both vehicles stopped and remained until the investigating officer arrived on the scene and had them move their vehicles off of the overpass. Both Ms. Tregre and Mr. Johnson called 911 following the accident. An ambulance responded before the deputy arrived and parked directly behind both vehicles in the right lane so that they would not be hit by other vehicles. Ms. Tregre testified that no other vehicles were involved in the accident.
Ms. Tregre testified that she was not hurt in the accident. Mr. Johnson testified that he was in extreme pain following the accident, but did not tell such to the ambulance personnel or the deputy because he was “kind of shocked.” He did not receive medical treatment at the scene, but later received medical treatment for the injuries he alleges he received in the accident.
[4Mr. Johnson introduced the medical records of his treatment following the accident into evidence. Ms. Tregre introduced photographs showing the damages to her vehicle, both on the front passenger corner and on the driver’s side. The deputy who responded to the accident testified but had no independent recollection of the accident. He stated that he was not an accident reconstructionist, and that his report of the accident merely showed where he found the vehicles when he arrived on the scene and was not a depiction of the actual impact location itself.[1]

STANDARD OF REVIEW

A trial court’s findings of fact will not be disturbed on appeal unless the reviewing court finds that they are clearly wrong or manifestly erroneous. Stobart v. State, Through Dept. of Transp. and Dev., 617 So.2d 880, 882 (La.1993). This standard of review does not allow the appellate court to reweigh the evidence or substitute its own factual findings. Salvant v. State, 05-2126 (La.7/6/06), 935 So.2d 646, 650. In order to reverse a district court’s determination of a fact, a reviewing court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. Stobart, 617 So.2d at 882. The issue to be resolved by the reviewing court is not whether the fact finder was right or wrong, but whether the fact finder’s conclusion was a reasonable one. Garrity v. St. Paul Fire & Marine *1104 Ins. Co., 07-965 (La.App. 5 Cir. 4/15/08), 984 So.2d 900, 904, writ denied, 08-1051 (La.8/29/08), 989 So.2d 106.

[«ANALYSIS

Bearing the above standard of review in mind, our review of the record convinces us that the trial court’s conclusions were not manifestly erroneous. The trial court explained, in its reasons for judgment, that it found Ms. Tregre’s version of the events of the accident more credible than Mr. Johnson’s because the evidence of the damages to her vehicle, on both the left and right sides, was consistent with her testimony that she was in the left lane when Mr. Johnson struck her vehicle on the front passenger side, propelling her into the left guardrail, which damaged the driver’s side of her vehicle. The evidence of the damages to plaintiffs vehicle is not consistent with Mr. Johnson’s version of the accident. We accordingly ñnd no merit to this assignment of error.
Mr. Johnson next argues that the trial court erred in finding as a matter of fact that the accident occurred in the left lane, when “[b]oth parties testified that their vehicles never moved from the position they were in immediately following the accident up until the time when the investigating police officer arrived at the scene.” However, the record shows that the trial court’s conclusion on this issue is supported by the testimony of Ms. Tregre and the location of the damages to her vehicle, as noted above. Further, while the parties’ testimony does in fact concur that both vehicles ended up in the right lane following the accident and were not moved until the investigating officer arrived, this fact does not contradict the trial court’s factual finding that the accident occurred in the left lane and the vehicles ended up at rest in the right lane, as the parties testified. We thus also find no merit to this assignment of error.

\ «CONCLUSION

For the reasons stated above, we find no manifest error in the trial court’s factual findings that defendant’s version of the accident was more credible than plaintiffs and was further supported by the evidence showing the location of damages to defendant’s vehicle. Further, the trial court’s conclusion that the accident happened in the left lane of travel is fully supported by the record and is thus not manifestly erroneous. Accordingly, the trial court’s judgment in favor of defendant is hereby affirmed.

AFFIRMED

. The deputy’s accident report was not admitted into evidence, but was proffered by Mr. Johnson.